[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action against Liberty Mutual Insurance Company in two counts, seeking to recover uninsured motorist ("UM") benefits under an excess liability policy (the "umbrella policy") issued to Wellins Auto Parts Ltd., under which the plaintiff's decedent is alleged to be an insured party.
The first count sounds in breach of contract, the plaintiff alleging that by its terms, "[t]he umbrella policy increased the coverage provided by [an] underlying [automobile insurance] policy in that it increased the general aggregate limit on automobile claims . . . ." The plaintiff further alleges that he has settled the estate's claim against Rayco Paving Company, the party responsible for the decedent's death, but that this settlement has "exhausted all bodily injury, liability bonds or insurance policies applicable at the time of the accident." The plaintiff further alleges that the estate's damages exceed the settlement, that the plaintiff has sought benefits under the terms of the umbrella policy, and that the defendant's failure to make payment under that policy is a breach of contract.
In the second count, the plaintiff alleges that the umbrella policy is an automobile liability policy and is required as a matter of law by General Statutes section CT Page 522038a-336 to provide UM benefits, and that the defendant's failure to pay such UM benefits is a breach of contract.
The defendant moves for summary judgment as to both counts on the ground that as a matter of law the plaintiff cannot receive UM benefits under the present umbrella policy. The defendant supports its motion with a memorandum that principally relies on three recent Supreme Court cases: Mass. v. United States Fidelity and Guaranty Co., 222 Conn. 631,610 A.2d 1185 (1992); Curran v. Aetna Casualty Surety Co., 222 Conn. 657, 610 A.2d 1198 (1992); and Cohn v. Pacific Employer's Insurance Co., 213 Conn. 540, 569 A.2d 544 (1990). The plaintiff opposes the motion by arguing that while count two may be susceptible to a motion for summary judgment on account of the decision in Mass. v. United States Fidelity and Guaranty Co., in which the Supreme Court rejected a similar claim, Count One is not susceptible to summary judgment because the umbrella policy is sufficiently ambiguous regarding UM coverage so a reasonable inference may be drawn that the policy provides such coverage.
-I-
Count Two of the plaintiff's complaint, for breach of contract, is based on the plaintiff's allegation that the umbrella policy was an "automobile liability policy" within the meaning of General Statutes section 38a-336. The holding in Mass. v. United States Fidelity and Guaranty Co. supra is clearly dispositive of this issue. That case which held that where an umbrella policy lists an underlying automobile policy that provides UM benefits, the uninsured motorist statute does not require the umbrella policy to contain UM coverage. Although the insurer was obligated to pay the plaintiff UM benefits in accordance with the limits of the plaintiff's underlying automobile liability policy, it was not obligated to pay benefits in accordance with the limits in the plaintiff's umbrella policy. Count Two must fail.
-II-
Count One of the plaintiff's complaint is also for breach of contract. In Count One, the plaintiff does not allege that the umbrella policy provides UM coverage as a matter of law, but rather that the umbrella policy provides UM benefits by its terms, relying on the general rule that CT Page 5221 where the terms of an insurance contract are ambiguous, the ambiguity is resolved against the insurance company. See, e.g., Schultz v. Hartford Fire Ins. Co., 213 Conn. 696, 702,569 A.2d 1131 (1990). The plaintiff cites the umbrella policy's repeated references to the other underlying policies, without expressly noting a difference in coverage, which he claims creates sufficient ambiguity in the umbrella policy so that the court should interpret the umbrella policy as containing UM coverage.
In Mass. v. United States Fidelity and Guaranty Co., supra, 641, the Supreme Court also dealt with a similar claim and refused to interpret an umbrella policy as providing UM coverage where it was not clearly provided for in the umbrella policy. The court noted that the UM statute and umbrella policies serve distinct purposes, concluding that a policy which expressly limits itself to excess liability coverage, and does not otherwise refer to UM coverage, cannot be interpreted to infer UM coverage. The court noted that parties have the freedom to contract for UM coverage in an umbrella policy, but when they do so, the policy must "clearly indicate an intent to provide" such coverage.
The policy in the present case expressly limits itself to excess liability coverage to "(1) bodily injury, (2) property damage, (3) personal injury, and (4) advertising injury to which this policy applies and caused by an occurrence." There is no indication of an intent to provide UM coverage or any reference to UM coverage at all. The policy cannot be ambiguous as to UM coverage if such coverage was not provided. Our recent Supreme Court decisions have made it clear that the general rule providing for ambiguities to be interpreted against the insurance company cannot be invoked to provide a coverage which does not exist.
Motion for Summary Judgment on both counts granted.
Wagner, J.